UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 23-23329-CIV-ALTONAGA

**HUGO BOSS TRADEMARK
MANAGEMENT GMBH & CO. KG**,

    Plaintiff,
v.

**THE INDIVIDUALS, CORPORATIONS,
LIMITED LIABILITY COMPANIES,
PARTNERSHIPS, AND
UNINCORPORATED ASSOCIATIONS
IDENTIFIED ON SCHEDULE A**,

    Defendants.
_____/

## ORDER

**THIS CAUSE** came before the Court on Moving Defendants, Boutique, Ding, QJQ Co.Ltd, SHLYET Co., Ltd., Weitian Industrial Co., Ltd., Zebadiah Store, and CHENGYU's Motion to Vacate Entry of Default Judgment [ECF No. 90], filed on July 30, 2024. Plaintiff, Hugo Boss Trademark Management GMBH & Co. KG filed a Response [ECF No. 91]; to which Defendants filed a Reply [ECF No. 92]. The Court has carefully considered the parties' written submissions, the record, and applicable law. For the following reasons, the Motion is denied.

### I. BACKGROUND

Plaintiff filed this trademark infringement case against several Defendants on August 30, 2023. (*See generally* Compl. [ECF No. 1]; Notice . . . , Ex. 1, Schedule A [ECF No. 17-1]). Plaintiff alleged Defendants infringed on its "HUGO BOSS" Trademarks by selling goods with counterfeit imitations of the Trademarks. (*See generally* Compl.). The Court granted Plaintiff's request to serve Defendants by e-mail and website posting (*see* Sept. 5, 2023 Order [ECF No. 14]),

and Plaintiff effectuated service accordingly by September 21, 2023 (*see* Certificate of Service [ECF No. 33]).

Several Defendants failed to appear or respond. On December 4, 2023, the Clerk entered Defaults against all Defendants who failed to appear within the time required by Federal Rule of Civil Procedure 12(a)(1)(A)(i). (*See* Clerk's Default [ECF No. 44]). On January 4, 2024, the Court entered an Order [ECF No. 61] granting Plaintiff's Motion for Entry of Final Default Judgment Against Defendants [ECF No. 53] and entered Final Judgment [ECF No. 62] against those Defendants, including the Moving Defendants.

Over three months later, on April 11, 2024, attorney Lydia Pittaway appeared on behalf of the Moving Defendants. (*See* Notice of Appearance [ECF No. 86]).[1] After several more weeks, on May 28, 2024, Moving Defendants filed a Motion to Vacate Entry of Default Judgment [ECF No. 87]; which was denied for failure to confer with Plaintiff (*see* May 31, 2024 Order [ECF No. 89]). It took another two months for Moving Defendants to file the present Motion requesting the Court vacate the Final Judgment under Federal Rule of Civil Procedure 55(b) because they purportedly "did not receive proper service and should be permitted to litigate [their] meritorious defenses." (Mot. 2 (alteration added); *see also id.* 3).[2] Plaintiff objects, arguing the Moving Defendants fail to establish a basis to set aside the Final Judgment under Rule 60(b). (*See* Resp. 2).

---

[1] The Moving Defendants retained counsel even earlier — at least by February 7, 2024 (and February 14, 2024 for Defendant, CHENGYU). (*See* Reply 2–3; *see also id.*, Ex. 1, Pittaway Decl. [ECF No. 92-1] ¶ 2). The Moving Defendants communicated with Plaintiff over the course of several weeks, requesting "the balance of the[ir] restrained accounts, evidence, and Plaintiff's demand." (Pittaway Decl. ¶ 3 (alteration added)). Yet, Moving Defendants did not appear for over two months afterward and, as the Court explains, further delayed in filing this Motion.

[2] The Court uses the pagination generated by the electronic CM/ECF database, which appears in the headers of all court filings.

## II. LEGAL STANDARD

Under Federal Rule of Civil Procedure 60(b), a court may relieve a party from a final judgment due to "mistake, inadvertence, surprise, or excusable neglect[.]" *Id.* 60(b)(1) (alteration added). Rule 55(c) allows courts to "set aside a default judgment under Rule 60(b)." *Id.* "[T]here is a strong policy of determining cases on their merits and [courts] therefore view defaults with disfavor." *In re Worldwide Web Sys., Inc.*, 328 F.3d 1291, 1295 (11th Cir. 2003) (alterations added; citations omitted). "But there is also a policy in favor of finality." *S.E.C. v. Simmons*, 241 F. App'x 660, 663 (11th Cir. 2007) (citation and footnote call number omitted).

Thus, "[t]o establish mistake, inadvertence, or excusable neglect under Rule 60(b)(1), a defaulting party must show that: (1) it had a meritorious defense that might have affected the outcome; (2) granting the motion would not result in prejudice to the non-defaulting party; and (3) a good reason existed for failing to reply to the complaint." *In re Worldwide Web Sys., Inc.*, 328 F.3d at 1295 (alteration added; quotation marks and citation omitted). "Where a party offers no good reason for the late filing of its answer, entry of default judgment against that party is appropriate." *In re Knight*, 833 F.2d 1515, 1516 (11th Cir. 1987) (citation omitted).

## III. ANALYSIS

Moving Defendants argue they have meritorious defenses to Plaintiff's infringement claims because their listings with "BOSS" logos constitute fair use and their logos are visually dissimilar to Plaintiff's trademarks. (*See* Mot. 6–14). Moving Defendants also contend their delay was the result of good cause. (*See id.* 14–15). Finally, Moving Defendants insist Plaintiff will not be prejudiced by vacatur of the Judgment against them. (*See id.* 16).

The Court need not address Moving Defendants' first and third arguments, as Moving Defendants have not made a showing of good cause. *See Fla. Physician's Ins. Co., Inc. v. Ehlers*,

3

8 F.3d 780, 783–84 (11th Cir. 1993) (affirming the denial of vacatur of a default judgment where the district court stopped its analysis after finding the defendant did not establish good cause); *see also Wessner v. Crosscreek Television Prods., Inc.*, No. 03-3408-Civ, 2005 WL 8158368, at *5 (N.D. Ala. Sept. 6, 2005) (denying vacatur of a default judgment where the defendant showed a meritorious defense and lack of prejudice but was unable to "establish a good reason for failing to engage in th[e] litigation" (alteration added; quotation marks and citations omitted)).

Moving Defendants argue they were delayed in responding and otherwise appearing in this case because "their email addresses were not in use at the time of service and thus [they] failed to receive sufficient notice of the action." (Mot. 15 (alteration added)). According to the Moving Defendants, they have since "acted quickly under the circumstances to move to vacate the entry of default" by retaining counsel, "obtain[ing] . . . evidence[,] . . . and investigat[ing] their respective defenses[.]" (*Id.* (alterations added)). Plaintiff insists these excuses are insufficient to establish a good reason for Moving Defendants' delay. (*See* Resp. 2–5). The Court agrees with Plaintiff.

The Moving Defendants "do not claim that the wrong email addresses were served. Rather, they claim they did not check their emails on the date they were served." (*Id.* 3). Indeed, Plaintiff obtained all Moving Defendants' emails from the email addresses associated with their website domain names and attached evidence it served each of those emails to the Response. (*See* Mot. Alternate Service, Ex. 1, Baeza Decl. [ECF No. 9-1] ¶ 11; Resp., Ex. 1, Service of Summons [ECF No. 91-1]).[3] Moving Defendants say the email addresses "were not in use" but make no mention of whether these email addresses were correct. (*See generally* Mot.; Reply).

Further, as Plaintiff argues, even assuming Plaintiff served the wrong email addresses, Moving Defendants continued to unjustifiably delay filing this Motion after they appeared in the

---

[3] Plaintiff also filed an initial confirmation that all Defendants were served. (*See generally* Certificate of Service).

case. (*See* Resp. 4). The Moving Defendants appeared on April 11, 2024, and filed their first Motion to Vacate Entry of Default Judgment on May 28, 2024. (*See generally* Notice of Appearance; May 28, 2024 Motion). The Court denied the May 28, 2024 Motion without prejudice on May 31, 2024 (*see* May 31, 2024 Order 1), and the Moving Defendants then waited another *two months* to file a renewed motion (*see generally* Mot.). By that point, it had been *eight months* since the Final Judgment was entered. (*See generally* Final Judgment).

"[R]elief from an entry of default must be requested within a reasonable time." *Atlanta Gas Light Co. v. Semaphore Advert., Inc.*, 747 F. Supp. 715, 718 (S.D. Ga. 1990) (alteration added; collecting cases). "The longer a defendant — even a foreign defendant — delays in responding to a complaint, the more compelling the reason it must provide for its inaction when it seeks to set aside a default judgment." *Sloss Indus. Corp. v. Eurisol*, 488 F.3d 922, 935 (11th Cir. 2007). Moving Defendants' argument that their "investigation was particularly difficult when two Defendants could not obtain evidence from either Plaintiff or the docket in order to complete their investigations" is not compelling. (Mot. 15); *see Sloss Indus. Corp.*, 488 F.3d at 935.

There are several problems with this argument. As Plaintiff points out, it "publicly filed the evidence of [Moving] Defendants' infringement as exhibits to the Motion for Default Judgment" on December 19, 2023. (Resp. 5 (alteration added; citation omitted)). While the Moving Defendants speculate other evidence was filed under seal (*see* Reply 4), they do not explain what additional information they needed from Plaintiff to file this Motion or how it would support their case (*see generally* Mot.; Reply). Nor do they cite legal authority supporting that this constitutes good reason for delay in seeking to set aside a default judgment. (*See generally* Mot.; Reply).

Moreover, beyond vaguely asserting that they needed to gather more evidence from Plaintiff, the Moving Defendants do not explain why it took nearly four months for counsel to properly file this Motion after being retained as early as February 2024 and appearing in April 2024. (*See generally* Mot.; Reply); *see also Simmons*, 241 F. App'x at 664 (noting that "an inexplicable delay in filing a motion to vacate . . . precludes relief" and rejecting that a four-month delay was excusable where it allegedly "took th[at] long for [the defendant's] new counsel to become familiar with the case" (alterations added)).

Finally, even if the Moving Defendants needed more evidence from Plaintiff to file a motion to vacate, they certainly had enough evidence to file their motion by at least May 28, 2024, when they filed their first Motion. (*See generally* May 28, 2024 Motion). The May 28, 2024 Motion was substantially similar to the present Motion, and the Moving Defendants provide no reason for their additional *two-month* delay in conferring with Plaintiff and renewing their request. (*See generally* Mot.; May 28, 2024 Mot.; *see also* Pittaway Decl. ¶¶ 16–17 (stating the parties conferred on June 6, 2024)); *see also In re Worldwide Web Sys., Inc.*, 328 F.3d at 1297–98 (affirming the denial of a motion to set aside a default judgment where the defendant failed to provide a good reason for the two-month gap between discovering a final default judgment against him and filing a motion to set it aside).

Because the Moving Defendants fail to show a good reason for their delay, they fail to satisfy the requirements for setting aside the Judgment. (*See generally* Mot.; Reply); *see also Wessner*, 2005 WL 8158368, at *5–6.

## IV. CONCLUSION

For the foregoing reasons, it is

**ORDERED AND ADJUDGED** that the Motion **[ECF No. 90]** is **DENIED**.

**DONE AND ORDERED** in Miami, Florida, this 22nd day of August, 2024.

_____
**CECILIA M. ALTONAGA**
**CHIEF UNITED STATES DISTRICT JUDGE**

cc:     counsel of record